IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02772-KLM

PATRICIA GUAJARDO,

   Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,[1]

   Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court[2] on the **Social Security Administrative Record** [#11],[3] filed January 13, 2017, in support of Plaintiff's Complaint [#1] seeking review of the decision of Defendant Nancy A. Berryhill, Acting Commissioner of the Social Security Administration, ("Defendant" or "Commissioner") denying Plaintiff's claim for supplemental security income benefits pursuant to Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381 et seq. On February 22, 2017, Plaintiff filed an Opening Brief [#15] (the "Brief"). Defendant filed a Response [#16] in opposition. No Reply was filed. The Court

---

[1] On January 23, 2017, Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Nancy A. Berryhill is therefore "automatically substituted" as the properly-named Defendant in this action.

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. See [#19, #20].

[3] "[#11]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c). The Court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the decision of the Commissioner is **AFFIRMED**.

## I. Factual and Procedural Background

Plaintiff alleges that she became disabled on August 31, 2001. Tr. 12.[4] On December 10, 2013, Plaintiff filed an application for supplemental security income under Title XVI. Tr. 12. On October 9, 2015, an Administrative Law Judge (the "ALJ") issued an unfavorable decision. Tr. 20.

The ALJ determined that Plaintiff had not engaged in substantial gainful activity ("SGA") since December 10, 2013, the application date. Tr. 14. The ALJ found that Plaintiff suffers from one severe impairment, i.e., degenerative disc disease of the lumbar spine with disc herniation and radiculopathy. Tr. 14. However, the ALJ also found that Plaintiff does not have an impairment or combination of impairments which meets or medically equals "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926)." Tr. 15. The ALJ next concluded that Plaintiff has the residual functional capacity ("RFC") to perform light work with the following limitations:

> [S]he is unable to climb ropes, ladders, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, kneel, crouch, and crawl. She must avoid hazards, such as unprotected heights and dangerous moving machinery. She cannot perform fast-paced production work. She can only use foot petals bilaterally on an occasional basis. She

---

[4] The Court refers to the Transcript of the Administrative Proceedings, located at Docket Nos. 11 through 11-8 by the sequential transcript numbers instead of the separate docket numbers.

> requires a sit/stand option meaning that she is able to sit for a period of up to thirty minutes and then she has to get up to stretch for five to ten minutes prior to sitting down without leaving the work station.

Tr. 15. Based on the RFC and the testimony of an impartial vocational expert ("VE"), the ALJ found that Plaintiff had no past relevant work, but found that there are jobs which exist in significant numbers in the national economy which Plaintiff can perform, including the representative occupations of office helper and cashier. Tr. 19-20. The ALJ therefore found Plaintiff not disabled at step five of the sequential evaluation. Tr. 20. The ALJ's decision has become the final decision of the Commissioner for purposes of judicial review. 20 C.F.R. § 416.1481.

## II. Standard of Review and Applicable Law

Pursuant to the Act:

> [T]he Social Security Administration is authorized to pay disability insurance benefits and Supplemental Security Income to persons who have a "disability." A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."

*Barnhart v. Thomas*, 540 U.S. 20, 21-22 (2003) (quoting 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B)). Under the applicable legal standard, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a); *see also Wall v. Astrue*, 561 F.3d 1048, 1051 (10th Cir. 2009) (quoting 20 C.F.R. § 416.905(a)). The existence of a qualifying disabling impairment must be demonstrated by "medically acceptable clinical and laboratory diagnostic" findings. 42 U.S.C. §§ 423(d)(3),

423(d)(5)(A).

"When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination." *Campbell v. Bowen*, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  *See Kelley v. Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Court reviews a final decision by the Commissioner by examining the administrative record and determining "whether the [ALJ's] factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010).  However, the Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (quoting *Barnett v. Apfel*, 231 F.3d 687, 689 (10th Cir. 2000)).  In other words, the Court does not reexamine the issues de novo.  *Sisco v. U.S. Dep't of Health & Human Servs.*, 10 F. 3d 739, 741 (10th Cir. 1993).  Thus, even when some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court may have "made a different choice had the matter been before it *de novo.*"  *Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007).

**A.     Legal Standard**

The Social Security Administration uses a five-step framework to determine whether a claimant meets the necessary conditions to receive Social Security benefits. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four, and if the claimant fails at any of these steps, consideration of any subsequent step or steps is unnecessary. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988) ("If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary."). The Commissioner bears the burden of proof at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

Step one requires the ALJ to determine whether a claimant is "presently engaged in substantial gainful activity." *Wall*, 561 F.3d at 1052 (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004)). If not, the ALJ considers at step two whether a claimant has "a medically severe impairment or impairments." *Id.* "An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities." *Wall*, 561 F.3d at 1052 (citing 20 C.F.R. § 404.1521). Next, at step three, the ALJ considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation," *i.e.*, the "Listings." *Wall*, 561 F.3d at 1052 (quoting *Allen*, 357 F.3d at 1142). "If a claimant's impairments are not equivalent to a listed impairment, the ALJ must consider, at step four, whether a claimant's impairments prevent [him or her] from performing [his or her] past relevant work." *Wall*, 561 F.3d at 1052 (citing *Allen*, 357 F.3d at 1142). "Even if a claimant is so impaired, the agency considers, at step five, whether [he or she] possesses the sufficient [RFC] to perform other work in the national economy." *Id.*

**B. Substantial Evidence**

An ALJ must consider all evidence and explain why he or she finds a claimant not disabled. *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). However, the ALJ need not specifically "reference everything in the administrative record." *Wilson*, 602 F.3d at 1148. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* at 1140 (internal quotation marks omitted). "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). A decision by the ALJ is not based on substantial evidence "if it is overwhelmed by other evidence in the record . . . ." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In other words, the Court's determination of whether the ALJ has supported his or her ruling with substantial evidence "must be based upon the record taken as a whole." *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). Further, evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). In addition, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. Analysis

Plaintiff requests judicial review of the ALJ's decision denying her supplemental security income. *Brief* [#15]. Specifically, Plaintiff argues that the ALJ committed harmful error by selectively rejecting portions of the medical opinion of Plaintiff's treating physician Bethany Davis, M.D. ("Davis").

"Generally, a treating physician's opinion receives more weight than other physicians' opinions since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of the claimant's medical impairment(s) and

may bring a unique perspective to the medical evidence." *Brownrigg v. Berryhill*, 688 F. App'x 542, 548 (10th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)) (internal quotation marks and brackets omitted). The evaluation of a treating physician's opinion requires "a sequential two-step inquiry, each step of which is analytically distinct." *Brownrigg*, 688 F. App'x at 548 (quoting *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011)). "First, the ALJ must consider whether the opinion is entitled to controlling weight." *Brownrigg*, 688 F. App'x at 548. This analysis requires findings that the physician's opinion is "well-supported by medically acceptable clinical or laboratory diagnostic techniques and consistent with other substantial evidence in the record." *Id.* (quoting *Krauser*, 638 F.3d at 1330) (internal quotation marks and brackets omitted). "Second, if the opinion is not entitled to controlling weight, the ALJ must make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in 20 C.F.R. §§ 404.1527 and 416.927 . . . for the weight assigned." *Id.* (internal quotation marks, brackets, and footnote omitted). Those factors are:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001). Although the six factors listed above are to be considered in weighing medical opinions, the Court does not insist on a factor-by-factor analysis so long as the "ALJ's decision [is] 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's

medical opinion and the reasons for that weight.'" *Oldham*, 509 F.3d at 1258 (quoting *Watkins*, 350 F.3d at 1300).

Plaintiff argues that the ALJ afforded great weight to the exertional portions of Dr. Davis's opinion but erred by affording only limited weight to Dr. Davis's opinion regarding Plaintiff's need to elevate her legs, to lie down twice per day, and to take unscheduled breaks. *Brief* [#15] at 10. In making this determination, the ALJ stated:

> . . . Dr. Davis also opined that the claimant has "severe" pain and would need to elevate her legs in a typical day. She would also need to lie down daily for ten to fifteen minutes one to two times a day and take unscheduled breaks. This portion of Dr. Davis' opinion is unsupported by the medical evidence. For instance, the claimant did not appear to be in any distress due to pain in any of her medical appointments with Dr. Davis. There were at least two occasions in which the claimant admitted she had good pain control with her medication. The claimant did not routinely complain of having to elevate her legs extensively during a typical day. This leads one to conclude that Dr. Davis' opinion regarding degree of the claimant's pain and need to elevate her legs and nap in a typical day are not consistent with her medical findings. Therefore, this portion of her opinion is not persuasive and is granted limited weight.

Tr. 17 (internal citations omitted).

Plaintiff points to a variety of evidence throughout the record which could potentially support a finding that some or all of Dr. Davis's additional restrictions were supported by substantial evidence. *See Brief* [#15] at 11-15. However, when there is conflicting evidence in the record, the reviewing court's role is solely to consider whether the ALJ's decision is supported by substantial evidence. *Richarson v. Perales*, 402 U.S. 389, 401 (1971). As long as the ALJ has reached a reasonable interpretation of the evidence, then that assessment controls, regardless of whether there are *other* reasonable interpretations of the evidence as well. *Nguyen v. Shalala*, 43 F.3d 1400, 1403 (10th Cir. 1994); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence

does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agency's choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (internal alterations omitted)).

Here, the ALJ provided a number of valid reasons for giving some of Dr. Davis's opinion only limited weight. The consistency of a physician's opinion with the record as a whole is a legitimate factor to be considered in evaluating the opinion. *See Quintero*, 567 F. App'x 616, 620 (10th Cir. 2014) (citing 20 C.F.R. § 416.927(c)(4)). As Defendant points out, the ALJ never stated that Plaintiff did not experience pain; rather, the issue was whether the evidence supported a finding that Plaintiff's pain was so severe as to be disabling. *Response* [#16] at 6 (citing 20 C.F.R. § 404.1545(a)). The ALJ noted that Plaintiff did not appear to be in *any* distress due to pain at *any* of her appointments with Dr. Davis. Tr. 17. The ALJ noted that Plaintiff admitted more than once that she had good pain control due to her medication. Tr. 17.

The ALJ also noted that Plaintiff did not routinely complain of having to elevate her legs extensively during a typical day. Tr. 17. In fact, Plaintiff does not direct the Court's attention to a single instance in the record in which Plaintiff made this complaint or evidence which underlies this conclusion made by Dr. Davis. *See generally Brief* [#15]. The form Medical Source Statement (Physical) completed by Dr. Davis asked whether Plaintiff would need to elevate her legs due to pain, swelling, or other reasons, and Dr. Davis simply checked the "Yes" box. Tr. 229. Dr. Davis neglected to fill out the portion of the question which continued: "If yes, how many times per day and for how long would the patient need to elevate?" Tr. 229.

Finally, to the extent that Plaintiff asserts that Dr. Davis's opinion could also be supported by other evidence in the record regarding fatigue and anemia, the Court agrees with Defendant that there is no indication that such considerations underlie any portion of Dr. Davis's opinion. *Brief* [#15] at 15; *Response* [#16] at 9. Rather, Dr. Davis appears to base Plaintiff's physical limitations solely on Plaintiff's asserted pain as opposed to fatigue caused by anemia or any other reason. *See* Tr. 228 (stating only that Plaintiff's impairments were "[b]ack and leg pain after lumbar disc herniation (multiple levels)").

Based on the ALJ's analysis and the underlying record, the Court cannot find that the ALJ's decision with respect to partially giving Dr. Davis's opinion only limited weight was unsupported by substantial evidence. Based on the foregoing, the Court finds that the ALJ committed no reversible error with respect to this issue.

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the decision of the Commissioner that Plaintiff is not disabled is **AFFIRMED**.

IT IS FURTHER **ORDERED** that each party shall bear its own costs and attorney's fees.

Dated: October 30, 2017

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge